1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JETHRO L. LARKIN II,                    No. C-12-2890 TEH (PR)

12              Plaintiff,                    ORDER TO SHOW CAUSE

13         v.

14   JAMES CARLSON,

15              Defendant.

16   _____/

17         Plaintiff, a state prisoner and frequent litigant in this

18   Court, has filed a pro se civil rights complaint pursuant to 42

19   U.S.C. § 1983.  He also seeks to proceed in forma pauperis pursuant

20   to 28 U.S.C. § 1915.

21         The Prison Litigation Reform Act of 1995 (PLRA) was

22   enacted, and became effective, on April 26, 1996.  It provides that

23   a prisoner may not bring a civil action in forma pauperis under 28

24   U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions,

25   while incarcerated or detained in any facility, brought an action or

26   appeal in a court of the United States that was dismissed on the

27   grounds that it is frivolous, malicious, or fails to state a claim

28

upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes.  See id.  Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  Id.  Andrews implicitly allows the Court to raise the § 1915(g) problem sua sponte, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  See id. at 1120.

2

A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveals that Plaintiff has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): Larkin v. Jeter, No. CV 12-00209-TEH (N.D. Cal. Jan. 12, 2012) (failure to state a claim); In re Jethro K. Larkin, II, No. CV 12-01713-TEH (N.D. Cal. April 5, 2012) (same); and Larkin v. Still, No. CV 12-2482-TEH (N.D. Cal. May 16, 2012) (same). Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). See also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). He is not.

In light of these dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this Order why in forma pauperis should not be

3

denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee. In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks _in forma pauperis_ status.

Failure to file a timely response or failure to pay the full filing fee in will result in the dismissal of this action without further notice to Plaintiff.

IT IS SO ORDERED.

DATED       _07/16/2012_

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.12\Larkin-12-2890-1915g osc.wpd

4