IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JETHRO L. LARKIN II, | No. C-12-2890 TEH (PR) |
|     Plaintiff, | ORDER OF DISMISSAL |
|     v. | |
| JAMES CARLSON, | |
|     Defendant. | |

Plaintiff Jethro Larkin II, a state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He also seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

On April 26, 1996, the Prison Litigation Reform Act of 1995 (PLRA) was enacted and became effective. The PLRA provides that a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The only exception to this bar is when a plaintiff is under imminent danger of serious physical injury.

1  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007); <u>Abdul-
2  Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).
3      In an Order to Show Cause dated July 17, 2012, the Court <u>sua
4  sponte</u> raised the § 1915(g) problem in the instant case and notified
5  Plaintiff of the earlier dismissals it considered to support a
6  § 1915(g) dismissal. <u>See, e.g.</u>, <u>Larkin v. Jeter</u>, No. CV 12-
7  00209-TEH (N.D. Cal. Jan. 12, 2012) (failure to state a claim);
8  <u>Larkin v. Carlson</u>, No. CV 12-01713-TEH (N.D. Cal. April 5, 2012)
9  (same); and <u>Larkin v. Still</u>, No. CV 12-2482-TEH (N.D. Cal. May 16,
10 2012) (same). Because Plaintiff had three prior cases dismissed on
11 grounds that qualified as § 1915(g) dismissals and did not appear to
12 be under imminent danger of serious physical injury, the Court
13 ordered Plaintiff to show cause why the three aforementioned
14 dismissals should not be counted as "strikes" to support a § 1915(g)
15 dismissal. <u>See</u> <u>Andrews v. King</u>, 398 F.3d 1113, 1120-21 (9th Cir.
16 2005) (allowing the plaintiff an opportunity to be heard before
17 dismissing the action under § 1915(g)).
18     On July 26, 2012, Plaintiff submitted a letter in response
19 to the Court's Order to Show Cause.[1] In the July 26 2012 letter,
20 Plaintiff argues that his case should not be dismissed under
21 § 1915(g) because: (1) he is uneducated and does not have legal
22 training; (2) he cannot afford to pay the filing fee; (3) Defendant
23 James Carlson violated Plaintiff's due process rights by
24 disrespecting, insulting and ridiculing him; and (4) the Third Level

---

[1] Plaintiff also filed letters dated July 4, 2012, August 7, 2012 and August 8, 2012. None of these letters address the issues raised in the Order to Show Cause.

Director's Review of Plaintiff's administrative claim determined that Defendant Carlson violated prison policy.

None of Plaintiff's arguments are sufficient to overcome dismissal under § 1915(g).  Plaintiff's claim, based on the allegation that Defendant Carlson laughed at Plaintiff when he received his indigent envelopes and un-lined writing papers, see Director's Level Appeal, attached to Plaintiff's complaint, does not indicate that he is in imminent danger of serious physical injury. Nothing in Plaintiff's letter changes this finding.

Therefore, this action is DISMISSED pursuant to 28 U.S.C. § 1915(g).  Plaintiff's application for in forma pauperis status (docket no. 4) is DENIED.  The dismissal is without prejudice to bringing the claims herein in a future action in which Plaintiff pays the full filing fee.  The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.

IT IS SO ORDERED.

DATED  *08/27/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.12\Larkin-12-2890-1915g DIS.wpd

3